# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DONELL FREEMAN, | : |
| Plaintiff, | : Civil Action No. 17-1931 (BRM) |
| v. | : **OPINION** |
| MATTHEW MCDOW, | : |
| Defendant. | : |

Before this Court its *pro se* prisoner Donnell Freeman's ("Plaintiff") filing of a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 7), the Court will grant him leave to proceed *in forma pauperis* and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed without prejudice.

**I. BACKGROUND**

According to the Complaint, on June 29, 2015, Plaintiff entered a grocery store in Cliffwood, New Jersey pretending to buy groceries.[1] (Comp. ¶ 6.) He asked the cashier for money and when she said no, he went around and ripped out the cash drawer. (*Id.*) Later, the police

---

[1] The factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

arrested Plaintiff and he cooperated. (*Id.*) Plaintiff "next got the complaint," which stated he walked up to the cashier with his hand in his right pocket and pointed it at her while demanding money. (*Id.*) The complaint also stated Plaintiff physically pushed the cashier and two other employees out of the way, then ripped out the cash drawer. (*Id.*)

Defendant McDow was the investigating officer who took witness statements, reviewed the video surveillance and "wrote up the charges." (*Id.*) Plaintiff later reviewed the victim's statement taken the day after the incident by follow up officer Detective Nanna, wherein the victim reported that Plaintiff never physically pushed or assaulted her in any way. (*Id.*) The video surveillance also shows no assault on anyone. (*Id.*) Officer McDow failed to present this evidence to the prosecutor or grand jury. (*Id.*)

Plaintiff was charged with first degree robbery, but later pled guilty to second degree robbery. (Compl. ¶ 7.) Plaintiff is seeking monetary compensation. (*Id.*)

## II. LEGAL STANDARD

### A. Standard for a *Sua Sponte* Dismissal

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

2

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III. DECISION**

In light of the facts alleged by Plaintiff, the Court construes his Complaint to raise a claim for malicious prosecution against Defendant McDow based on the allegedly false information he provided in his report about Plaintiff assaulting the cashier, and Defendant failed to correct this falsehood to the prosecutor and grand jury.[2]

For a malicious prosecution claim, Plaintiff must plead facts indicating "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the

---

[2] To the extent Plaintiff also intended to raise a claim for false arrest, that claim would fail because the police had probable cause to arrest him: he was on video surveillance committing the offense; he attempted to take a car from a woman outside of the store after the robbery who identified him; and he was found in possession of the cash drawer from the store when taken into custody. *See Fields v. City of Pittsburgh*, 714 F. App'x 137, 140 (3d Cir. 2017) ("To succeed on a claim of false arrest, a plaintiff must show 'that the police lacked probable cause to arrest' him.") (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)). Even accepting Plaintiff's claim that Defendant McDow's affidavit falsely stated Plaintiff "physically push[ed] the cashier out of the way," the affidavit still contained enough facts to show probable cause for arrest since it also stated that Plaintiff "walk[ed] up to a cashier in the A&P grocery store pretending to buy groceries and then plac[ed] his finger in his jacket pocket as if he had a gun in his pocket and [told] the cashier to give him the money from the register, which she believed he had a weapon . . . and rip[ped] the cash register drawer from the register and [ran] out of the store with same." (Compl., Ex. 3); *see Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) ("[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause'") (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).

Moreover, due to his guilty plea on the robbery charge, it appears that his false arrest claim may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Fields*, 714 F. App'x at 140–41 ("Although Fields pleaded to lesser offenses than he was originally charged with, his guilty plea inherently included an acknowledgement that probable cause existed to arrest him for <u>some</u> offense . . . . As applied here, Fields' success on his false arrest claim depends on a finding that the officers lacked probable cause to arrest him, which would directly 'impugn[ ] the validity' of his resulting guilty plea. Because his guilty plea has not been invalidated, *Heck* bars Fields' false arrest claim.").

proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (internal quotation marks omitted).

In order for the conclusion of a criminal matter to qualify as a favorable termination, the "criminal case must have been disposed of in a way that indicates the innocence of the accused." *Kossler*, 564 F.3d at 187. Where the prior case terminated in a manner not indicative of innocence, no favorable termination occurred. *Id.* The Third Circuit has therfore suggested that favorable termination can be shown where a grand jury refuses to indict, the prosecution formally abandons the charges, the indictment or information is quashed, the defendant is acquitted, or the defendant receives a favorable final order from the trial or appellate courts disposing of his case. *Id.*; *see also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002).

Here, as admitted by Plaintiff, he was charged with robbery in the first degree and pled guilty to robbery in the second degree. As a result, it cannot be said his criminal case was "disposed of in a way that indicated the innocence of the accused," and he has failed to meet the favorable termination prong for a malicious prosecution claim. *See Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010) (acquittal on an armed robbery charge did not constitute a "favorable termination" because he was convicted of the lesser-included offense of theft in the same criminal proceeding for the same criminal act) (citing *Kossler*, 564 F.3d at 188).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to

supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff may move to re-open this case, and such motion shall include a proposed amended complaint.[3] An appropriate order follows.

Date: May 24, 2018

                                                    */s/ Brian R. Martinotti*
                                                    **HON. BRIAN R. MARTINOTTI**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); *see also* 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. *Id.*